# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# CIVIL NO:

| | |
|---|---|
| SHARAY PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HUNTER WARFIELD | ) **COMPLAINT** |
| | ) |
| Defendant. | ) |

SHARAY PRICE ("Plaintiff"), through attorneys, KROHN & MOSS, LTD., alleges the following against HUNTER WARFIELD ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Minnesota; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Minneapolis, Hennepin County, Minnesota.

PLAINTIFF'S VERIFIED COMPLAINT

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Tampa, Florida.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around August of 2011, Defendant began contacting Plaintiff in connection with the collection of an alleged debt.

11. Defendant called Plaintiff from 813-283-45XX and possibly other numbers also.

12. Defendant's representative, one Steve Dale, typically references an account number ending in -8720.

13. In effort to get the alleged debt resolved, in the fall of 2011, Plaintiff arranged to make a series payments at a fixed sum of $224 per month.

14. Soon thereafter, Plaintiff began experiencing financial hardship. She called Defendant and requested her payments be lowered, as she was no longer able to pay the previous amount.

15. Despite the foregoing, in late December of 2011, Defendant attempted to make a charge of $224 to Plaintiff's bank account, in which Plaintiff did not have sufficient funds

to cover the charge. Plaintiff's account was therefore overdrawn and she incurred charges from her bank.

16. Soon thereafter, Defendant began to call Plaintiff repeatedly, often calling up to six (6) times per day, seeking the full balance be paid on the account.

17. From the period of December 28, 2011, to January 3, 2012, alone, Plaintiff received no less than fifteen (15) calls from Defendant, seeking and demanding payment on the alleged debt.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person called at that number;

   c. Defendant violated § 1692e of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt; and

   d. Defendant violated § 1692e(10) of the FDCPA through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SHARAY PRICE, respectfully requests judgment be entered against Defendant, HUNTER WARFIELD, for the following:

a. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;
b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and
c. Any other relief this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.Pro. 38.

Dated: April 19, 2012

               **KROHN & MOSS, LTD**

              By: s/ Lee Cassie Yates Clagett_____
                Lee Cassie Yates Clagett - # 352688
                2413 Ring Road
                Suite 117
                Elizabethtown, Kentucky 42701
                Tel:  (270) 737-9088
                Fax: (270) 769-2905
                Email: lcclagett@ksclawfirm.com
                *Attorney for Plaintiff*

                Local Counsel for Krohn and Moss, Ltd.
                10474 Santa Monica Blvd. Suite 401
                Los Angeles, CA 90025
                Tel: (323) 988-2400

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
                   )
COUNTY OF Hennepin )

Plaintiff, SHARAY PRICE, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SHARAY PRICE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

April 7th 2012
Date

_____
SHARAY PRICE