UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sharay Price,

          Plaintiff,

v.

Hunter Warfield,

          Defendant.

Civil No. 12-0977 (MJD/JJG)

REPORT AND RECOMMENDATION

JEANNE J. GRAHAM, United States Magistrate Judge

    This matter came before the Court on May 28, 2013, for a hearing on Defendant Hunter Warfield's Motion to Dismiss for Lack of Prosecution (ECF No. 22). The motion was referred to this Court by the Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota, in an Order of Reference dated April 5, 2013 (ECF No. 30). For the reasons set forth below, the Court recommends that the motion be granted and the case be dismissed without prejudice.

    Plaintiff Sharay Price ("Plaintiff") initiated this action against Defendant Hunter Warfield ("Defendant") on April 19, 2012, pursuant to the Federal Debt Collection Practices Act. On November 9, 2012, Plaintiff's counsel moved to withdraw, based on Plaintiff's failure to communicate with counsel and assist in prosecuting the action. This Court granted the motion in an Order dated December 13, 2012, and ordered Plaintiff to either obtain substitute counsel or file a statement indicating her intent to proceed pro se by January 14, 2013 (ECF No. 21). The Court advised Plaintiff that if she failed to comply, her case could be dismissed for failure to prosecute. Plaintiff did not comply with the Court's Order, and Defendant filed its motion to dismiss for failure to prosecute on March 28, 2013. Plaintiff did not file an opposition to the

motion, nor did she appear at the motion hearing or contact chambers to make other arrangements.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action when a plaintiff fails to prosecute her case or comply with a court order. Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (unpublished) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.") Both of these circumstances have occurred here. When Plaintiff was represented by counsel, she did not communicate with counsel or assist in prosecuting her case, and her lawyer was permitted to withdraw for those very reasons. Since her attorney withdrew, Plaintiff has done nothing to prosecute her claims; Plaintiff did not even oppose Defendant's motion to dismiss. In addition, Plaintiff did not comply with this Court's Order of December 13, 2012, directing her to either find new counsel or file a document stating her intent to proceed pro se. Accordingly, dismissal is warranted.

Although Defendant has asked for dismissal with prejudice, dismissal with prejudice is appropriate only in cases of willful disobedience or intentional delay, *see Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997) (quotations omitted). Nothing in the record before the Court indicates willful disobedience or intentional delay. Therefore, the Court will recommend that dismissal be without prejudice.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's address of record be changed to 284 Petunia Terrace, Apartment 302, Sanford, Florida 32771;

2. Defendant's Motion to Dismiss for Lack of Prosecution (ECF No. 22) be **GRANTED**;

3. This case be **DISMISSED WITHOUT PREJUDICE**; and

4. **JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 28, 2013

*s/ Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 14, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.